IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

TODD EAGON,
Claimant Below, Petitioner

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

vs.)    No. 22-ICA-25      (JCN: 2021024362)

ACNR RESOURCES, INC.,
Employer Below, Respondent

**MEMORANDUM DECISION**

Petitioner Todd Eagon appeals the July 6, 2022, order of the Workers' Compensation Office of Judges ("OOJ"). Mr. Eagon's employer, Respondent ACNR Resources, Inc. ("ACNR"), filed a timely response.[1] Mr. Eagon did not file a reply. The issue on appeal is whether the OOJ erred in affirming the claim administrator's order denying the addition of post-traumatic osteoarthritis as a compensable condition.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the OOJ's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 4, 2021, as Mr. Eagon was working for ACNR as a mechanic/electrician, he was injured when a one-hundred-pound rock fell onto his left shoulder and back, knocking him forward and causing him to land on his left side. Mr. Eagon was taken to the Wheeling Hospital Emergency Department complaining of left shoulder and elbow pain, as well as neck and lower back stiffness.

The ER provider found normal strength and a deformity of the left shoulder with a possible dislocation; deformity, swelling, and tenderness of the left elbow; and mild cervical spine tenderness. A chest x-ray performed in the ER was negative; a cervical spine CT scan showed degenerative changes and no acute fracture; and a left shoulder x-ray showed widening of the acromioclavicular joint space, and a joint effusion with the potential for an occult fracture. Mr. Eagon was diagnosed with fractures of the left elbow, distal humerus, and radial head, and left AC separation.

---

[1]Petitioner is represented by William C. Gallagher, Esq. Respondent is represented by Aimee M. Stern, Esq.

1

On June 7, 2021, Mr. Eagon was seen by Elizabeth Snyder, PA. He complained of pain in his left elbow and left forearm and reported that his neck was currently more stiff than painful. Mr. Eagon told her that he underwent left shoulder surgery five years ago. Ms. Snyder diagnosed Mr. Eagon with contusion/sprain of the left shoulder, fracture of the left elbow, cervical strain, and AC separation of the left shoulder. Ms. Snyder ordered a left elbow MRI to confirm the fractures.

On June 11, 2021, Mr. Eagon underwent a left elbow x-ray. It documented degenerative narrowing with effusion suggesting an occult fracture of the humerus. The same day, Mr. Eagon was seen by Jeffrey M. Abbott, D.O., an orthopedic surgeon. Dr. Abbott reviewed Mr. Eagon's X-rays from June 4 and June 11. Dr. Abbott's diagnoses were primary osteoarthritis of the left elbow and left elbow pain.

Mr. Eagon filed a claim for workers' compensation benefits and on June 11, 2021, the claim administrator held the claim compensable for unspecified fracture of lower end of the humerus and displaced fracture of the head of the left radius. The order specifically held the condition of cervicalgia to be not compensable.

On June l7, 2021, Mr. Eagon followed up with Dr. Abbott. Dr. Abbott's diagnoses were primary osteoarthritis of the left elbow, closed displaced fracture of the lateral condyle of the left humerus, and tear of the left rotator cuff. He referred Mr. Eagon to Christopher C. Schmidt, M.D., for evaluation of his elbow.

Mr. Eagon was evaluated on July 15, 2021, by Christopher C. Schmidt, M.D., an orthopedic surgeon. Dr. Schmidt performed a physical evaluation on Mr. Eagon and ordered a left elbow CT scan. Dr. Schmidt's diagnoses were severe osteoarthritis of the left elbow and possible small avulsion fracture over the left lateral humeral condyle. Mr. Eagon reported suffering from preexisting elbow arthritis and limited range of motion in his elbow. Dr. Schmidt provided Mr. Eagon a cortisone injection and recommended occupational therapy for range of motion and strengthening of the left elbow.

Mr. Eagon underwent a 3D CT scan rendering of his left elbow on July 16, 2021. The findings were as follows: severe osteoarthritis of the left elbow and no acute fractures.

By order dated August 3, 2021, the claim administrator denied authorization for the upper extremity CT scan and referral to occupational therapy, because the treatment was for osteoarthritis of the left elbow, which is not a compensable condition in this claim.

On August 6, 2021, Dr. Schmidt requested authorization for surgery and pre-operative testing. On August 18, 2021, the claim administrator issued an order denying authorization for the surgery and pre-operative testing because the treatment would be for osteoarthritis, which is not a compensable condition in this claim. Dr. Schmidt performed left elbow replacement surgery on Mr. Eagon on August 23, 2021. His post-operative

2

diagnoses were severe left ulnohumeral joint osteoarthritis, left elbow contracture, left ulnar nerve neuritis, and left radiocapitellar joint osteoarthritis.

Prasadarao Mukkamala, M.D., preformed an independent medical examination on Mr. Eagon on September 14, 2021. Mr. Eagon complained of soreness of the left elbow and left shoulder. On exam, Dr. Mukkamala performed a physical examination and noted that Mr. Eagon's range of motion was normal, his motor examination was pain inhibited in the left upper extremity, and the sensory examination was normal except for decrease of sensation close to his surgical scar. Dr. Mukkamala's diagnosis was contusion/strain of the left elbow. He indicated that Mr. Eagon's compensable injury had reached maximum medical improvement, and he noted his disagreement with the compensable diagnoses. Dr. Mukkamala opined that Mr. Eagon's medical records reveal that he did not suffer a fracture because the 3D CT scan performed on July 16, 2021, demonstrates that no fracture was present. Dr. Mukkamala noted that Mr. Eagon has degenerative changes at the elbow, and that the elbow replacement surgery was performed to treat his non-compensable pre-existing arthrosis. Dr. Mukkamala concluded that Mr. Eagon does not require any additional diagnostic studies or treatment for his compensable injury. He stated that Mr. Eagon will not be able to return to work as a coal miner, but that this disability is unrelated to the compensable injury. Dr. Mukkamala found that Mr. Eagon suffered no permanent impairment as a result of his compensable injury.

On November 23, 2021, Dr. Schmidt submitted a Diagnosis Update requesting the addition of post-traumatic arthritis of the left elbow. On December 15, 2021, the claim administrator issued an order denying the addition of post-traumatic arthritis, based upon Dr. Mukkamala's report.

The OOJ issued an order dated July 6, 2022, which affirmed the claim administrator's December 15, 2021, order. In its ruling, the OOJ concluded that a preponderance of the evidence does not support a finding that the claimant has experienced traumatic arthritis attributable to the compensable injury. Mr. Eagon appeals the July 6, 2022 order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;

3

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, ____ W. Va. ____, ____, ____ S.E. 2d ____, ____, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

Although this statute specifically references orders of the Board of Review ("Board"), this Court concludes that the same standard applies to our review of orders issued by the OOJ during the period of time when administrative proceedings were being transferred from the OOJ to the Board. *See* W. Va. Code § 23-5-8a (2022) (transferring powers and duties of OOJ to Board); W. Va. Code § 23-5-12(b) (2021) (specifying this same standard of review when Board heard appeals of OOJ's orders).

On appeal, Mr. Eagon argues that the OOJ should have given Dr. Schmidt's report more weight than Dr. Mukkamala's report due to Dr. Schmidt's superior credentials and the fact that Dr. Mukkamala rejected the compensable diagnosis in this claim.

After review, we conclude that the OOJ did not err in finding that Mr. Eagon did not develop post-traumatic arthritis as a result of his compensable injury. The OOJ found that Dr. Schmidt did not adequately explain his conclusion that Mr. Eagon suffered from post-traumatic arthritis. The OOJ was not clearly wrong in finding that post-traumatic arthritis would not develop within nine days of Mr. Eagon's injury.

Finding no error in the OOJ's order which affirmed the claim administrator's order denying the addition of post-traumatic arthritis, we affirm.

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4